UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT GERZANICK and KENNETH
WATKINS, on their own behalf and on behalf
of others similarly situated,

                Plaintiffs,

v.

SUPERIOR AIRCRAFT SERVICES, INC.,
a Florida corporation, MILTON SLAUGHTER,
individually, and DONALD CALDER,
individually,

                Defendants.

CASE NO. 6:11-cv-00791-JA-KRS

**SETTLEMENT AGREEMENT AND GENERAL RELEASES**

Plaintiff, ROBERT GERZANICK ("Plaintiff"), and Defendants, SUPERIOR AIRCRAFT SERVICES, INC., ("SUPERIOR"), MILTON SLAUGHTER ("SLAUGHTER"), and DONALD CALDER ("CALDER") (collectively referred to as "Defendants"), hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

**Recitals and Definitions**

a.    The "action" shall mean <u>Robert Gerzanick v. Superior Aircraft Services, Inc.</u>, Case No. 6:11-cv-00791-JA-KRS, pending in the United States District Court for the Middle District of Florida.

b.    "Plaintiff" shall mean, ROBERT GERZANICK, his heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

c.    Defendant, SUPERIOR, shall include, SUPERIOR's predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related

companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, insurers, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives.

    d.    "SLAUGHTER" shall mean, MILTON SLAUGHTER, his heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

    e.    "CALDER" shall mean, DONALD CALDER, his heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

## Agreement and General Releases

Each and every recital above is fully and expressly incorporated herein.

    1.    The parties hereto recognize that Defendants do not admit, but rather, specifically deny, any liability to Plaintiff, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in the above-entitled cause.

    2.    SUPERIOR and SLAUGHTER agree to pay, and Plaintiff and his attorney agree to accept, the total sum of Seven Thousand Six Hundred Fifty Two and 00/100 dollars ($7,152.00), which shall be delivered to counsel for Plaintiff as follows:

    a.    $2,384.00 on or before September 1, 2011;

    b.    $2,384.00 on or before October 1, 2011; and

    c.    $2,384.00 on or before November 1, 2011.

The settlement funds shall be apportioned as follows:

    a.    $5,000.00 to Plaintiff as unpaid wages and liquidated damages; and

    b.    $2,152.00 to Shavitz Law Group, P.A. ("SLG") as attorneys' fees and costs.

    3.    In exchange for the Settlement Payment, and other good and valuable consideration, Plaintiff hereby remises, acquits, releases, satisfies and discharges Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations,

2

affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, insurers, attorneys and representatives, in their individual and official capacities, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff in this action.

       4.      In consideration of dismissal of this action, *with prejudice*, and other good and valuable consideration, Defendants, their heirs, executors, administrators, distributees, attorneys, beneficiaries, assignees, predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, insurers, attorneys and representatives in their individual and official capacities, hereby remise, acquit, release, satisfy and discharge Plaintiff, his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assigneees, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances,

torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, insurers, attorneys and representatives have, or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Defendants against Plaintiff, his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assigneees in this action.

      5.    Plaintiff agrees that Plaintiff has been paid for all hours worked and overtime and minimum wage compensation while employed by Defendants and agrees that Defendants do not owe Plaintiff any other monies with regard to compensation associated for hours worked.

      6.    Plaintiff agrees to dismiss this action, **with prejudice**, upon the Court's approval of this settlement, unless the action is dismissed by the Court. The Parties agree that the Court will retain jurisdiction to enforce the terms of this Agreement.

      7.    The Parties agree they have and will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such terms or conditions to any person, though they may provide this agreement to their attorneys, provided they instruct their attorneys and inform their attorneys to maintain the confidentiality provided herein. Additionally, Plaintiff may disclose the terms of the Settlement Agreement to his spouse, provided he instructs his attorneys and inform them to maintain the confidentiality provided herein.

      8.    Defendants agree not to disclose the existence or contents of this Agreement or the litigation underlying it to any prospective employer of Plaintiff. If Defendants are contacted

by any prospective or current employer of Plaintiff, they shall only confirm dates of employment, positions held, and salary information.

      9.     Plaintiff agrees to assume full responsibility for and to hold Defendants harmless for the payment of any federal, state, or local taxes with respect to the monies paid to Plaintiff, and Plaintiff shall assume full responsibility for, hold Defendants harmless for and/or indemnify Defendants, for any and all taxes, including interest or penalty assessed by any taxing entity against Defendants, but excluding the employer portion of any FICA tax, that may be determined to be owed thereon. Plaintiff agrees to pay any such taxes owed by Plaintiff, and, acknowledges that SUPERIOR will issue a 1099 form to the Plaintiff in the amount of $5,000.00. SUPERIOR will also issue a 1099 form in the amount of $2,652.00 to Plaintiff's counsel, SLG.

      10.    In the event the parties seek to enforce the terms of this Agreement, the prevailing party shall be entitled to attorney's fees and costs, damages, and any other relief available as a matter of law.

      11.    This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding.

      12.    Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

      13.    It is further understood and agreed that the Settlement Payment, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final mutual general releases effected thereby.

      14.    Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord and in accordance with Plaintiff's own judgment, and after

consultation with Plaintiff's attorneys. Plaintiff and Plaintiff's counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, the action, and release, and therefore Plaintiff acknowledges he has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff specifically states that Plaintiff is executing this Agreement knowingly and voluntarily.  **Plaintiff further acknowledges that he has been given 21 days to consider signing this Agreement.  Upon signature, Plaintiff acknowledges he is given 7 days to revoke this Agreement.  Such revocation must be in writing and be received by Michael L. Elkins, Esq., Fowler, White, Burnett, P.A., 1395 Brickell Ave., 14th Floor, Miami, FL 33131, (305) 728-7513 – Facsimile; mle@fowler-white.com, on or before the revocation due date.**

15. It is further agreed that each party shall bear their, its or his own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the action and in handling the matters covered by this Agreement.

16. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

17. Plaintiff understands and agrees that he would not receive the monies and/or benefits specified above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

18. For the purpose of implementing a full and complete general release, the parties expressly acknowledge that the releases given in this Agreement are intended to include in their effect, without limitation, claims that they did not know or suspect to exist in their favor at the

time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

19. This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

20. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

21. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

As to Plaintiff, Robert Gerzanick:

Date: 8/4/11

_____
Plaintiff

As to Defendant:
Superior Aircraft Services, Inc.

Date: 8/13/2011

By: _____

As to Defendant, Donald Calder:

Date: _____

_____
Defendant

As to Defendant, Milton Slaughter:

Date: 8/13/2011

Milton Slaughter
_____
Defendant

8

As to Plaintiff, Robert Gerzanick:

Date: _____                                  _____
                                                     Plaintiff

As to Defendant:
Superior Aircraft Services, Inc.

Date: _____                                  By: _____

As to Defendant, Donald Calder:

Date: 8-10-11                                        _____
                                                     Defendant

As to Defendant, Milton Slaughter:

Date: _____                                  _____
                                                     Defendant

8