**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ROBERT GERZANICK, KENNETH
WATKINS, on their own behalf and on
behalf of others similarly situated,**

           **Plaintiffs,**

**-vs-**                                        **Case No. 6:11-cv-791-Orl-28KRS**

**SUPERIOR AIRCRAFT SERVICES, INC.,
MILTON SLAUGHTER, DONALD
CALDER,**

           **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 37)**
>
> **FILED:**       **August 26, 2011**

**I.    INTRODUCTION.**

Plaintiffs, Robert Gerzanick and Kenneth Watkins, and opt-in Plaintiffs, Vaughn McKenzie, David Lawrence, Mohamed Hoosein, William Ramos and Solomon Mitchell, and Defendants, Superior Aircraft Services, Inc., Milton Slaughter and Donald Calder seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Doc.

No. 37. The motion is supported by signed copies of the settlement agreements, Doc. Nos. 37-1 through 37-7.

The parties represent that under the settlement agreements, Plaintiffs and opt-in Plaintiffs will receive payment in full, without compromise, of all overtime compensation and liquidated damages due to them for the weeks worked within the three-year statute of limitations. Doc. No. 37 at 2-7. The parties also represent that pursuant to this settlement, Plaintiffs and opt-in Plaintiffs "are receiving all of the relief they would have received had they proceeded to trial" and that the settlement agreements do not constitute a compromise of their claims. *Id.* at 7.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. Jan. 13, 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

---

[1]The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x. at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

The parties represent that the recovery under the settlement agreements represents more than full payment for overtime wages, minimum wages and liquidated damages than Plaintiffs and opt-in Plaintiffs could have recovered in litigation. Doc. 27 at 7. The parties jointly petition the Court for approval of their settlement agreements.

In light of these representations, the Court finds that the Plaintiffs and the opt-in Plaintiffs have not compromised their claims. Under these circumstances, the Court need not scrutinize the settlement further to consider whether the payment to the Plaintiffs' attorneys is reasonable.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreements. I note that each settlement agreement contains a confidentiality provision that would be unenforceable at least in part because of the public filing of the agreements. *See, e.g.,* Doc. No. 37-7 ¶ 7. I recommend that the Court not approve the settlement agreements as a whole or reserve jurisdiction to enforce them.

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion for Approval of Settlement and Dismissal with Prejudice, Doc. No. 37;

3. **PROHIBIT** counsel for Plaintiffs from withholding any portion of each amount payable to Plaintiffs and opt-in Plaintiffs under the settlement agreements pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to Plaintiffs and opt-in Plaintiffs;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreements;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 2, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy Clerk